MORRIS SHEPPARD ARNOLD, Circuit Judge,
concurring in the result.
I would reverse the order of the district court, but for reasons different from those elaborated in Judge McMillian’s opinion. I do not believe that the defendant in this case is seeking to “enjoin, set aside, annul, or suspend any order of the Commission,” see 47 U.S.C. § 402(a), for the simple reason that no FCC order is being challenged. This is a suit initiated by the United States to forfeit Mr. Fried’s property, a suit over which the district court plainly has jurisdiction under 28 U.S.C. § 1345, § 1355(a). Until today I had not supposed that anyone could plausibly maintain that any court of the United States, properly seized of jurisdiction of a suit, did not also have jurisdiction to consider constitutional defenses to that suit. Congress could, of course, provide otherwise, as, for instance, by providing streamlined forfeiture remedies that excluded certain defenses, while giving a defendant an opportunity to raise those defenses in some other context. *555 I do not see that Congress has done so in this instance.
Congress knows how to give exclusive jurisdiction to determine the validity of a regulation when it wants to. Indeed, 28 U.S.C. § 2342 is itself directly instructive on this point. While it gives the courts of appeals exclusive jurisdiction to set aside “all final orders” of the FCC, see § 2342(1), it gives the courts of appeals the same jurisdiction to set aside “all rules, regulations, or final orders” of a certain kind issued by the Secretary of Transportation, see § 2342(3)(A), and by the Federal Maritime Commission, see § 2342(3)(B); see also 28 U.S.C. § 2342(5) (all rules, regulations, or final orders of a certain kind issued by the ICC). It thus becomes plain that § 2342(1) does not give the courts of appeals exclusive jurisdiction to determine the validity of an FCC regulation.
FCC v. ITT World Communications, Inc., 466 U.S. 463, 104 S.Ct. 1936, 80 L.Ed.2d 480 (1984), on which Judge Noonan relies, is not to the contrary, for that was a suit to enjoin a denial of a rulemaking petition. No such petition is at issue here, and the fact that Mr. Fried could file one and have his defenses adjudicated is of no moment. What we have is the case before us, and in it I see no statutory or other impediment to the consideration of Mr. Fried’s defenses.
I therefore join in the order reversing and remanding the case to the district court for further proceedings.